UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MARVIN ARIEL RUIZ-GARMENDIA,
Petitioner,

v.

CHRISTOPHER J. LAROSE, in his official capacity as Warden of Otay Mesa Detention Center; GREGORY J. ARCHAMBEAULT, in his official capacity as San Diego Field Office Director, Immigration and Customs Enforcement's Enforcement and Removal Operations; DAVID J. VENTURELLA, in his official capacity as Acting Director of Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security,
Respondents.

Case No.: 3:26-cv-04431-LEK-BJW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

Before this Court is Petitioner Marvin Ariel Ruiz-Garmendia's ("Petitioner") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), filed on August 3, 2026. [Dkt. no. 1.] The respondents, identified in the Petition as Christopher J. LaRose, in his official capacity as Warden of Otay Mesa Detention Center; Gregory J. Archambeault, in his official capacity as San Diego Field Office Director, Immigration and Customs Enforcement's ("ICE") Enforcement and Removal Operations; David J. Venturella, in his official capacity as Acting Director of Immigration and Customs Enforcement; and Markwayne Mullin, in his official capacity as Secretary of the

Department of Homeland Security ("Respondents"), filed a response to the Petition ("Response") on August 17, 2026. [Dkt. no. 6.]

**BACKGROUND**

Petitioner, a native of Nicaragua, entered the United States on April 22, 2022. Petitioner asserts that he was paroled into the United States upon entry. See Petition at ¶ 45. On June 26, 2026, ICE officers detained Petitioner while he attended an annual, mandatory check-in with ICE. See id. at ¶¶ 47, 53. As of the filing of the Petition, Petitioner was detained at the Otay Mesa Detention Center in San Diego, California. See id. at ¶ 1. Petitioner's primary argument is that his re-detention is unlawful, in that it violates: the Immigration and Nationality Act ("INA"); [id. at pgs. 15-16;] the INA's implementing regulations regarding bond requests; [id. at pgs. 16-18;] and his due process rights, [id. at pgs. 18-22]. Petitioner alleges he is entitled to, *inter alia*, release, or in the alternative, a bond hearing pursuant to Title 8 United States Code Section 1226(a). See id. at pg. 23.

Respondents acknowledge that "[o]n July 30, 2026, the Ninth Circuit [Court of Appeals] held and clarified that unadmitted aliens present in the interior of the United States are subject to 8 U.S.C. § 1226 and not subject to 8 U.S.C. § 1225." Response at 1; see also Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) (holding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"). Respondents therefore admit that "Petitioner is subject to detention under 8 U.S.C. § 1226(a)." [Response at 1.] Respondents also "acknowledge[] that Petitioner was previously released from immigration custody on conditional parole issued under 8 U.S.C. § 1226(a)." [Id. at 2.] While "Respondents do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)," [id.,] they also do not expressly oppose Petitioner's request for immediate release.

## DISCUSSION

There is no dispute that the discretionary detention procedures of Section 1226(a) govern Petitioner's detention. See Response at 1-2. Accordingly, this Court turns to Petitioner's argument that he is entitled to immediate release.

While Respondents request that this Court decline to address Petitioner's due process arguments, see id. at 2 n.1, they do not request that this Court deny Petitioner's request for immediate release. This Court construes Respondents' non-opposition to Petitioner's request for immediate release as a concession that Petitioner's re-detention violates his due process rights.

In Noori v. LaRose, 807 F. Supp. 3d 1146 (S.D. Cal. 2025), this district court ruled that the respondents violated the petitioner's Fifth Amendment due process rights when the respondents revoked the petitioner's parole by sending a mass, generic notification one morning and arresting the petitioner later that day at his immigration hearing. Id. at 1155, 1166. This district court concluded that the petitioner had "a protectable expectation of his due process rights in his removal proceedings and the fair procedures this country guarantees. . . . Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination." Id. at 1165. The district court ordered the petitioner's immediate release. Id. at 1154.[1]

In the instant action, Petitioner received even less due process than the petitioner in Noori. Petitioner received no notification or individualized reason as to why his release on his own recognizance was being revoked before he was summarily

[1] The district court had previously issued a truncated order ordering the petitioner's immediate release. See Noori, 807 F. Supp. 3d at 1154. The 807 F. Supp. 3d 1146 order was issued to "provide[] a fuller legal analysis and legal basis for the September 26, 2025 Order." Id.

detained on June 26, 2026 at a required annual check-in with ICE. See Petition at ¶ 47. Nor have Respondents explained, even after they filed the Return, what circumstances have changed to warrant Petitioner's re-detention. Providing Petitioner a bond hearing would not remedy the Fifth Amendment violation he has already experienced. Only release from detention can accomplish that now.

## CONCLUSION

For the foregoing reasons, Petitioner Marvin Ariel Ruiz-Garmendia's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed August 3, 2026, is GRANTED insofar as Respondents are ORDERED to immediately release Petitioner from custody under the same conditions that existed immediately prior to Petitioner's detention on June 26, 2026. Further, Respondents are ENJOINED AND RESTRAINED from re-detaining Petitioner unless Respondents demonstrate, by clear and convincing evidence at a pre-deprivation hearing before a neutral decisionmaker, that Petitioner presents a flight risk or danger to the community such that his physical custody is legally justified.

The parties are ORDERED to file a joint status report by **September 4, 2026**, confirming that Petitioner has been released.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 28, 2026.

/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**MARVIN ARIEL RUIZ-GARMENDIA VS. CHRISTOPHER J. LAROSE ET AL.; CASE NO. 3:26-CV-04431-LEK-BJW; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**